**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZACHARY R.E. RUSK,

      Plaintiff - Appellant,

v.

FIDELITY BROKERAGE
SERVICES,

      Defendant - Appellee.

No. 20-4104
(D.C. No. 2:15-CV-00853-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

This appeal grew out of Mr. Zachary R.E. Rusk's suit for

discrimination by his former employer, Fidelity Brokerage Services. The

district court dismissed the suit, and Mr. Rusk moved for sanctions under

Federal Rule of Appellate Procedure 11. The district court denied the

_____

[*]    We conclude that oral argument would not materially help us to
decide the appeal. So we have decided the appeal based on the record and
the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

motion, and Mr. Rusk challenges the denial of his motion for sanctions.[1]

We affirm.

The district court denied the motion on grounds that Mr. Rusk had

- failed to serve opposing counsel at least 21 days before filing the motion,

- waited too long by moving for sanctions roughly 16 months after dismissal of the action, and

- failed to explain how defense counsel had caused the dismissal by making misrepresentations to the court.

Mr. Rusk waived a challenge to the third reason, and we agree with the first two reasons.

---

[1]   In the course of appealing the denial of sanctions, Mr. Rusk complains about three other rulings:

1.   Dismissal of the suit (April 30, 2019)

2.   Denial of the first motion to reopen (May 22, 2019)

3.   Denial of the second motion to reopen (November 19, 2019)

The appeal is late for a challenge to the first two rulings. *See* Fed. R. App. P. 4(a)(1)(A) (providing a general 30-day deadline for appeals in civil cases), (a)(4)(A)(vi) (stating that a timely Rule 60 motion tolls the start of the appeal deadline until entry of the order on this motion), (a)(4)(B)(ii) (providing a 30-day period to appeal the denial of a Rule 60 motion).

The appeal is timely as to the third ruling, but he waived this issue by failing to develop a related argument. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (declining to consider "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" (internal quotation marks omitted)).

Because the district court gave three independent reasons for denying the motion, Mr. Rusk had to challenge all of the reasons. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) ("When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds."). Given Mr. Rusk's failure to challenge the third reason for dismissal, we could affirm on this basis alone. *See Starkey ex rel. AB v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling.").

Despite this failure by Mr. Rusk, we address his challenges to the first and second rationales. In assessing the correctness of these rationales, we apply the abuse-of-discretion standard. *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006). Under this standard, the district court did not err in denying Mr. Rusk's motion for sanctions based on the first two rationales.

The federal rules require service of a motion for sanctions at least 21 days before filing it. Fed. R. Civ. P. 11(c)(2). Despite this requirement, Mr. Rusk did not serve his motion before filing it.

He argues that he substantially complied with the requirement by sending counsel a letter, which threatened to sue him for his misrepresentations. This argument fails factually and legally. The argument fails factually because Mr. Rusk's threat did not mention Rule

11, identify any misrepresentations, demand their withdrawal, or say that he was going to move for sanctions. The argument fails legally because our precedent requires service of the actual motion to be filed; warning letters are insufficient. *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). Under this precedent, Mr. Rusk's threat to sue did not relieve him of the obligation to serve his sanctions motion 21 days before filing it. We thus uphold the district court's first rationale for denying the motion.

The court's second rationale is also sound. Mr. Rusk not only failed to serve the motion in advance but also filed it too late. In our circuit, a sanctions motion must be filed before the entry of judgment. *Id.* at 1193. But Mr. Rusk waited to file the motion for sanctions until roughly sixteen months after the entry of judgment. The court thus acted within its discretion in reasoning that Mr. Rusk had waited too long to file the motion for sanctions. *Cf. id.* (holding that the district court had abused its discretion by granting a motion for sanctions under Rule 11 that had been filed after the entry of judgment).

\* \* \*

We affirm the denial of Mr. Rusk's motion for sanctions. The district court gave three reasons for denying the motion, and Mr. Rusk did not address one of these reasons. We could affirm on this basis alone. But even if we were to disregard this omission, his challenges would fail: His threat to sue did not satisfy the duty to serve the motion for sanctions, and he

4

improperly waited to file the motion until after the court had already entered the judgment.

Entered for the Court


Robert E. Bacharach
Circuit Judge